## In the Matter of EDWINA LEWIS.

Domestic Relations Court of New York, Children's Court, New York County, October 3, 1939.

No appearances by counsel.

PANKEN, J. On or about the 31st day of August, 1939, the parents of this child, who is eleven years of age, appeared before this court and testified as to the condition of the child. At that time I took into consideration the medical certificate submitted by Dr. Lewis Doshay, a duly licensed physician and psychiatrist attached to the Domestic Relations Court of the City of New York, who recommends mismated orthopedic shoes, with raise of left heel for one foot and a different type of shoe for the other foot. I also took into consideration the medical certificate of Dr. Leo Mayer, a duly licensed physician, practicing medicine in the State of New York, and an authority, who corroborated and agreed with the aforesaid Dr. Lewis Doshay that such shoes were necessary for the proper use of the feet of the child, who for some time had been suffering from poliomyelitis.

On the testimony and upon the medical certificates, I approved the recommendation, but withheld making an order for furnishing the child with the necessary shoes, until such time as the Department of Health of the State of New York, at Albany, would indicate as to what the cost of the shoes should be and approved of such cost.

Today, a letter was submitted to me in which Dr. Wilson of the said Department of Health of the State of New York, writes that it is not the policy of the State to contribute aid to a child to obtain mismated shoes with a raise of the heel.

My understanding of the recommendations made by both Drs. Doshay and Mayer is that the shoes are orthopedic, of a special

type and character, especially built up in order to meet the needs of the child.

Whatever the policy of the State may be, the child is not to be deprived, because of the poverty of its parents, of proper shoes to correct and make possible the use of its little limbs as far as corrective shoes may do so.

It is my understanding of the law that under the Domestic Relations Court Act, this court has the power to make an order for appliances or apparatus or devices for a child in need. Section 85, in so far as it is pertinent to a determination of this application, reads: " In the case of a physically handicapped or other child within its jurisdiction, after satisfactory proof of the need thereof the court may make an order for his (a) maintenance, (b) surgical, (c) medical or therapeutic treatment, (d) hospital care, (e) appliances and devices." The court may even go beyond that. It may require home teaching, transportation, tuition or scholarships. Enlightened view responsive to recognition of changed public responsibility has its effect upon what in law constitutes public policy. The State Legislature wisely empowered this court to safeguard and protect, in so far as it is possible, the health as well as the morals of our child population. The amended section 85 of the Domestic Relations Court Act furthers the social attitude and manifests social responsibility in the care of unfortunate children. No doubt, the special shoes prescribed by medical authority fall within the provisions set forth in section 85, " appliances and devices."

Let the mother of the child appear for such additional testimony as may be necessary or may permit an order to fix a contribution by her, and the order for the shoes will be made.

The only testimony required from the parent of the child is as to her ability to contribute. In so far as the order for the shoes is concerned, the testimony warrants that such order be made.